Eastern Dist
*April* 1829.

CARRABY
*vs.*
DESMARRE
& AL.

---

## LE BLANC vs. LANDRY.

APPEAL from the court of the fourth district, the judge of said court presiding.

PORTER, J. delivered the opinion of the court. The plaintiff has been twice married. By her first marriage she had three children. Her second marriage took place in the year 1817. In the year 1819 one of these children died, and in the year 1822 another, leaving as survivor Artemise Le Blanc, who intermarried with the defendant in the year 1824. In the year 1825 the plaintiff passed an act by which she mortgaged to the defendant and his wife certain property to secure to them at her death the return of the inheritance of her deceased children, which she held in usufruct. There is a clause in the instrument, however, which

If a woman marries a second time having children by the first marriage, she cannot inherit from them in case of the decease of any. The survivor or survivors are heirs. But if they & their forced heirs die before the mother, the property so inherited by them belongs to her.

Eastern Dist
*April* 1829.

LeBlanc
*vs.*
Landry.

provides that if by law the mother had a better right to the inheritance of her children, than their sister, that the mortgage should be null and void.

Since the passage of this act the wife of defendant, surviving child of the first marriage, has died, leaving an infant, who is also dead, and to whom the defendant is heir.

This action is brought to have the contract of mortgage annulled, and the question to be examined is, whether the inheritance reserved to the child by a provision in our code, of which the mother has the usufruct during life, is transmissible on the death of some of the children to the survivor, and in case of the death of the survivor and his forced heirs, whether it is inherited by the mother, or by the heirs, of the forced heirs of the child of the first marriage, who died last.

The question arises under provisions of our old code. The 226 article, page 258, declare that, "a man or a woman who contracts a second and subsequent marriage, having children by a former one, can give to his wife, or she to her husband, only the least child's portion, and that only as an usufruct: and in no case shall

the portion of which the donee is to have the usufruct, exceed the fifth part of the donor's estate."

Art. 227, "the donation mentioned in the preceding article can in no case affect any property, but the estate belonging to the man or woman who contracts a second marriage, and cannot comprise any effects which came to him or her from the deceased spouse, either by donation made before or after the marriage or otherwise or by the succession of some of the children of the preceeding marriage. The effects being according to law reserved to the children of said marriage in case their father or mother marries again."

By this law the wife is forbidden to dispose of the property which she inherits from some of the children of the first marriage, these effects being reserved for the children of said marriage. On the death therefore of any one of these children, the mother inherited from them. But she could obtain nothing more than the use during her life. The right of property passed to the survivor or survivors.— The law says it is reserved to them and every other construction would be defeating the spirit as well as the letter of the statute.

LeBlanc
*vs.*
Landry.

It is contended, however, that the whole object, and intention of these provisions were, to secure the property to the children of the first marriage, and that when they all die before the mother she becomes owner of it in full right.

The death of the children and the consequent opening of the succession took place previous to the acts of our legislature repealing the Spanish laws. The article of our code must therefore be construed in reference to our jurisprudence as it then existed. The provision contained in the 224th article, is not copied from the Napoleon code, but is nearly a transcript of the *15th law of Toro*, which is the *4th law of the 1st book of the Nueva Recopilacion.* We have repeatedly decided that the re-enactment in our old code of the general provisions in the Spanish law did not repeal the exceptions to the provisions, and that the rule would be understood and applied here with the same limitations and modifications which belong to it in Spain. In relation to this very article (227) it was declared by this court in the case of *Duncan's Executors vs. Hampton,* that notwithstanding the pro-

hibition contained in it against second marria-
ges, yet if the wife had been left a widow
under the age of majority, the penalty then
affixed did not apply to her, and she inherited
in full property.    Such being an exception ex-
isting in the Spanish law.    *Vol.* 6, *n. s.* 38.

In this instance it is stated by the commen-
tators on the laws of Spain, that the object of
this provision was to secure to the children
of the first marriage the property which belong-
ed to them.   That to deprive the father or mo-
ther of the right of inheriting in full property,
two things were necessary: a second marriage,
and children of the first or their descendants
to inherit.    That when all the children died
before the surviving spouse, the latter became
owner *pleno jure.*    We see there is some dif-
ference of opinion on this subject, but the weight
of authority appears to us in favour of the rule
just stated, as the equity certainly is.    By the
contrary doctrine, the property of all the chil-
dren of the first marriage would belong to the
husband of one of them, in preference to their
mother.    *See Febrero, p.* 2, *cap.* 5, § 1, *Nos*
12 & 13, *and the authorities there cited.*

It is therefore ordered, adjudged and de-

Eastern Dist.
*April*, 1829.

LeBlanc
*vs.*
Landry.

creed, that the judgment of the district court be annulled, avoided and reversed: it is further ordered, adjudged and decreed, that the mortgage given in the case by the plaintiff to the defendant, and his late wife, Artemise Le Blanc, by act before the parish judge of Iberville, on the 12th day of February, 1825, be annulled and cancelled, and that the defendant pay costs in both courts.

*Moreau & Davis*—for plaintiff.